■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER COLON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT DELGADO, Appellant.—Judgment, Supreme Court, New York County, rendered on May 6, 1977, convicting defendants of conspiracy in the first degree, and imposing indeterminate sentences of zero to three years, unanimously reversed, on the law and the facts, pleas vacated and indictment dismissed. Appellants were arraigned July 3, 1974 in Criminal Court, Kings County, on a felony complaint charging sale of a controlled substance (cocaine). They posted bail, awaiting the action of the Kings County Grand Jury. On July 31, 1974, however, the Special Narcotics Grand Jury indicted them for that sale, and a warrant was issued. The Kings County complaint was subsequently dismissed on September 3, 1974. Neither appellants nor their counsel were notified of the indictment, and on January 8, 1975 appellants were arrested and arraigned in Supreme Court, New York County, Special Narcotics Part 1-A. By this time, six months and five days had passed since the original commencement of the criminal action; 28 days from the Criminal Court arraignment until the indictment by the Special Narcotics Grand Jury, and an additional five months and eight days to the arraignment in Supreme Court, New York County. The People are chargeable with this time, pursuant to CPL 30.30. It appears they made no effort to notify appellants or to arraign them more expeditiously, nor do they seriously contend otherwise. Rather they contend, as found by the hearing court, that the Kings County District Attorney's office and the office of the Special Prosecutor are two separate jurisdictional entities, and that each of them had commenced a separate criminal action against appellants, so that the time began running against the Special Narcotics Prosecutor on July 31, 1974, with the filing of the indictment. In our view, these offices are two arms of the same body and both represent the People of the State of New York. The Special Narcotics Parts of the Supreme Court were established by article 5-B of the Judiciary Law, which intended that the program would be implemented by the joint efforts of the District Attorneys of the counties within cities having a population of one million or more (Judiciary Law,

§ 177-a). Section 177-c provides that the District Attorneys of these counties shall formulate and adopt a plan which shall provide for (1) the appointment of an Assistant District Attorney to administer the program, (2) the appointment of a staff, and (3) the establishment of standards, administrative policies and procedures. The District Attorneys of the five counties of New York City thus have been too intimately involved with the Special Narcotics Parts and the office of the Special Prosecutor to now claim to be such separate jurisdictional entities that narcotics prosecutions commenced by one and continued by the other are separate criminal actions. CPL 30.30 (subd 1, par [a]) provides that, in a felony case, defendant's motion to dismiss must be granted where the People are not ready for trial within six months of the "commencement" of a criminal action. CPL 1.20 (subd 17) provides "A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed." CPL 100.05, to the same effect, adds, "The only way in which a criminal action can be commenced in a superior court is by the filing therewith by a grand jury of an indictment against a defendant who has never been held by a local criminal court for the action of such grand jury with respect to any charge contained in such indictment. Otherwise, a criminal action can be commenced only in a local criminal court, by the filing therewith of a local criminal court accusatory instrument". The language of the Court of Appeals in *People v Lomax* (50 NY2d 351, 356), in which there was a resubmission to the Grand Jury, albeit by the same prosecutor, is particularly apropos: "As we interpret this language [CPL 1.20, subd 17; 100.05], there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action. This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment * * * Obviously, if there can be only one criminal action for any given set of charges, there also can be only one date which marks the 'commencement' of the action, the date on which the first accusatory paper is filed. Thus, in the present case, the criminal action must be deemed to have been commenced for purposes of CPL 30.30 on the date when the original felony complaint was filed". This leads us inexorably to the conclusion that this criminal action was commenced against these appellants on July 3, 1974 in the Criminal Court of Kings County, some six months and five days of nonexcludable time prior to the arraignment in the Special Narcotics Part. This, in and of itself, without more, mandates that we vacate the pleas and dismiss the indictment. CPL 30.30 is mandatory and exacting in its requirement that a motion to dismiss must be granted where the People are not ready for trial within six months and the defendant is accused of a felony. "It establishes a precise cutoff for unexcused delay." *(People v Dean,* 45 NY2d 651, 656.) This will not permit a *"de minimis"* argument, that the delay is "only several days" past the six-month period and not prejudicial to defendants. The cutoff is precise *(People v Dean, supra)* and a defendant need not demonstrate prejudice resulting from the delay *(People v Hamilton,* 46 NY2d 932; see, also, *People v Clary,* 71 AD2d 1053). Subsequent to the events discussed above, and some six months later, on July 8, 1975, a superseding indictment was filed by the Special Narcotics Grand Jury, charging these appellants with the same sale of a controlled substance as in the original indictment, a conspiracy to sell those drugs and

adding three additional defendants. They were not arraigned on the superseding indictment until August 27, 1975. Appellant's counsel moved for a dismissal on speedy trial grounds on February 21, 1975, returnable April 9, 1975. This motion was never decided but was renewed on papers returnable December 1, 1975 and a third motion for the same relief was made returnable May 11, 1976. Argument was finally had on August 6, 1976, supplementary affirmations were filed, and the motion was denied on October 26, 1976. The appellants entered their pleas of guilty on April 7, 1977, almost 33 months from the commencement of the action. Substantial portions of this subsequent delay were attributable both to the People and the appellants, but need not be cataloged due to the determination already made. The only remaining issue is the contention of the People that the superseding indictment charges a new and different crime, i.e., conspiracy, and that the time limitation as to that "new crime" should start running effective July 8, 1975, the date of its filing. Our answer must carefully consider the thrust and purpose of CPL 30.30. Under the circumstances here, where the time frame is not significantly different, and the underlying substantive charges are the same, the superseding indictment is too intimately related to the original to permit a filing six months later, and one year after the commencement of the action, to frustrate the purpose of the section. Concur—Kupferman, J. P., Birns, Sandler and Carro, JJ. Markewich, J., concurs in the result only.