OPINION OF THE COURT
Leonard P. Rienzi, J.
The defendant moves pursuant to CPL 170.30 for dismissal of an information charging harassment. Defendant claims he was not afforded a speedy trial pursuant to CPL 30.30. Defendant’s motion is granted.
On May 18, 1983, the defendant was arraigned on a misdemeanor complaint charging criminal possession of a weapon in the fourth degree and menacing. No corroborating affidavit was filed at any time.
On August 22, 1983, a second instrument with a different deponent was filed charging the original crimes (possession of a weapon, menacing) and the additional violation of harassment. The allegations concerning the weapon and menacing were upon information from the same informant as was on the original misdemeanor complaint. The court dismissed those charges since they were the same charges that were in the original complaint and had not been converted to an information within 90 days from the commencement of the criminal action. The remaining *23 charge (harassment), supported by the affirmation of any eyewitness — deponent, was adjourned on consent of both sides to October 25, 1983. The District Attorney was not ready for trial on October 25, although he did answer ready within 30 days of October 25. Defendant moved for dismissal pursuant to CPL 30.30.
Defendant argues that CPL 30.30 (subd 1, par [b]) is applicable, and since the criminal action commenced with the filing of the misdemeanor complaint on May 18, 1983, and more than 90 days elapsed without conversion (readiness), the late filed violation charge likewise falls on speedy trial grounds. The People argue that CPL 30.30 (subd 1, par [d]) applies and thus speedy trial time on the violation began running on August 22, 1983, when the violation information was filed.
CPL 1.20 (subd 17) provides, “A criminal action is commenced by the filing of an accusatory instrument against a defendant in * * * criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” (See, also, CPL 100.05.) In addition, CPL 1.20 (subd 16, par [b]) provides, that “criminal action” includes “the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which * * * could properly be considered as a part of the record of the case by an appellate court upon an appeal from a judgment of conviction”.
The court finds that there was one and only one criminal action. It bears docket number 3K022239. It began on May 18, 1983, with the filing of the misdemeanor complaint which charged criminal possession of a weapon in the fourth degree and menacing. It continued with the filing of the superseding instrument on August 22, 1983, which charged the same weapons count, the same menacing count and the additional harassment count. Both are the result of the same arrest. Both bear the same docket number. The superseding instrument is “directly derived from the initial one”, and in the event of conviction, an appellate court would undoubtedly consider the disposition *24 of the first instrument as “part of the record of the case”. (CPL 1.20, subd 16, par [b]; see People v Lomax, 50 NY2d 351; People v Osgood, 52 NY2d 38.)
The time limitations in CPL 30.30 (subd 1) do not directly address the specific situation wherein the criminal action is commenced by filing a misdemeanor complaint which is eventually replaced by an information charging a violation.
The court finds guidance in CPL 30.30 (subd 5, par [c]) which relates to a situation analogous to the instant one. If the defendant had originally been charged in a felony complaint which was later replaced with an information, charging a class A misdemeanor the People are required to have been ready for trial within 90 days of the filing of the second instrument, provided that 90-day period is within six months of the filing of the original instrument. Thus, the crucial time period for speedy trial purposes is the filing date for the original, more serious charge rather than the filing date of the replacement, less serious charge. Applying this analysis to the instant case, the original, more serious charge was filed in a complaint charging a class A misdemeanor on May 18, 1983; the replacement, less serious charge (harassment) was filed August 22, 1983. The 30-day readiness rule (CPL 30.30, subd 1, par [d]) does not become operative since the aggregate ready for trial period, 90 days (CPL 30.30, subd 1, par [b]), remains applicable and continues as if the new accusatory instrument had not been filed. Since replacement of felony charges with misdemeanors does not extend the ready for trial time beyond the originally allowable time period, replacement of misdemeanor charges with a violation ought not extend the original time period.
In addition the court notes a somewhat analogous situation in People v Colon (76 AD2d 805) in which an indictment charging conspiracy and sale of narcotics superseded an indictment charging sale alone. The People contended that since the superseding indictment charged a new and different crime, the time limitation as to the “new crime” should start running on the date of its filing. The Appellate Division (First Dept) held that “[considering] the thrust and purpose of CPL 30.30”, the superseding indictment
*25 was “too intimately related to the original to permit [the later filing] to frustrate the purpose of the section.” (People v Colon, supra, at p 807.)
For the above reasons, the defendant’s motion to dismiss is granted.