OPINION OF THE COURT
Eugene Schwartzwald, J.
The defendant moves to dismiss the charges against him on speedy trial grounds.
*65 The defendant was arraigned on felony charges on January 10, 1989. This commenced the running of a six-month People’s trial readiness requirement under CPL 30.30 (1) (a). The case was then put over for Grand Jury action and the 37 days until the next date are chargeable to the People.
On February 16, 1989, the case was waived to the Grand Jury. Subsequently, it was returned to the Criminal Court on June 13, 1989, pursuant to an ex parte CPL 180.40 application by the People. The 117 days between February 16 and June 13, the next scheduled appearance date in Criminal Court, are, therefore, chargeable to the People.
On June 13, there was a reduction of the charges to misdemeanor assault and petit larceny. This commenced the running of a new 90-day People’s trial readiness period, which operates in conjunction with the earlier imposed six-month over-all limit. (See, CPL 30.30 [5]; People v Garrison, 122 Misc 2d 22.) The case was then put over until June 28 for corroboration and these 15 days were specifically charged.
On June 28, the People submitted a new accusatory instrument. The People’s answer to this motion refers to that instrument as "an amended misdemeanor complaint”. There is no provision in the law, however, for such a procedure. CPL 170.35 permits amendment only upon application to the court. CPL 100.50 permits the People to replace a misdemeanor information with the superseding information. CPL 170.65 permits replacement of a misdemeanor complaint with an information. An examination of the new instrument reveals that it follows none of those prescriptions but, instead, presents a number of problems. (See, People v Gore, 143 Misc 2d 106.) The date of the deponent police officer’s signature is June 28, 1989. The only two corroborating affidavits on file in support of it are signed with dates in January 1989 and obviously cannot refer to the redrawn document. In addition, the new instrument is based on the information of three parties, one of whom the People admit to not having a supporting deposition from. Also, one of the supporting depositions appears to be signed by the named deponent’s mother. A further difficulty is that the new instrument adds a charge of Penal Law § 240.08, inciting to riot, which is nowhere supported in the factual allegations. As such, this latter charge is insufficient on its face.
The People now argue that they were ready on this new instrument as of June 28, 1989 and that if some of the counts *66 were uncorroborated, they were still effectively ready on the others. In support of this proposition the People cite to the concept of "partial readiness” endorsed by People v Minor (NYLJ, Mar. 1, 1989, at 24, col 6). It must be noted by this court that none of the aforementioned statutes governing the amendment, supersession and replacement of accusatory instruments appear to envision the type of hybrid instrument relied on by the People’s interpretation of Minor (supra). It might also be suggested that the People may wish to review the case of People v Beauchamp (74 NY2d 639) regarding multicount instruments.
For all of these reasons, the court holds that the new instrument offered was without legal authority and could not take effect, nor could the People claim to be ready on it. As such, the original instrument remains before the court. With regard to the supporting depositions, the court finds that these relate back to the original instrument and orders further verification of that fact under GPL 100.30 (2), which is also being done to clear up any discrepancies as to the age of the deponents and the signature which may have been made by the mother of one of them.
It is thus necessary to calculate the remaining speedy trial time based on the initial instrument filed with the court and the later reduction thereon.
The official transcript indicates that the People did not attempt to announce ready on June 28, but, also, that defense counsel was otherwise engaged and consented to an adjournment. (See, People v Kendzia, 64 NY2d 331.) The time until the following date is, therefore, excludable. (See, People v Worley, 66 NY2d 523.)
On the next agreed date, August 16, the People claimed partial readiness and the case was put over for motions. All further delay is due to discovery, hearings and this speedy trial issue and no further time is chargeable.
Based on the foregoing analysis and chronology, the court finds 169 days so far chargeable to the People’s six-month trial readiness obligation and 15 days chargeable to their 90-day limit.
The court also finds that although the attempt to submit a new instrument failed, the People were able to be partially ready, under Minor (supra), on the original instrument, based on at least one of the supporting depositions.
*67 However, further verification is required to qualify the corroboration purportedly endorsed by one deponent’s mother.
Accordingly, the defendant’s motion, pursuant to CPL 30.30, must, at this time, be denied and the case is continued for further proceedings.