OPINION OF THE COURT
Martin G. Karopkin, J.
The defendant moves for relief on speedy trial as well as facial insufficiency grounds.
The defendant was arraigned on a misdemeanor instrument on August 22, 1991. This began a 90-day People’s trial readiness requirement, less excludable time, under CPL 30.30 (1) (b).
The defendant has been charged with Penal Law §§ 110.00, 120.00 (attempted assault); Penal Law §§ 110.00, 135.50 (attempted custodial interference); Penal Law § 120.15 (menacing); Penal Law § 260.10 (endangering the welfare of a child) and Penal Law § 265.02 (criminal possession of a weapon in the fourth degree).
*291 The accusatory instrument relates an incident involving two different informants. The deponent police officer also allegedly recovered a knife from the defendant’s person. The supporting depositions from the two named informants were not filed until differing future dates.
The 36-day period from August 22 until the following court appearance on September 27 is clearly chargeable as to all counts, since the People made no attempt to proclaim readiness. (See, People v Kendzia, 64 NY2d 331.)
On September 27, however, the People served a corroborating affidavit from the first informant, Claudia Oreckinto, and proclaimed partial readiness. (See, People v Minor, 144 Misc 2d 846, 848 ["(T)he People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts”].)
It has been pointed out that although the charges in an accusatory instrument may stand alone, the CPL treats these instruments as a whole, i.e., "complaints” which contain hearsay and "informations” which do not. (See, People v Garner, 146 Misc 2d 64.)
For purposes of applying CPL 170.70, however, as well as CPL 30.30 (2), it appears that a single corroborated charge may be enough, even in a multicount instrument (but see, People v Hernandez, 145 Misc 2d 491).
The central issue thus becomes whether the time after September 27, awaiting further corroboration from the second informant of the additional menacing count, should be chargeable as to all counts, or excludable as to the "ready” counts. The People’s answer already concedes that the second menacing count involved should now be dismissed.
In a growing number of situations where postreadiness delay is entirely within the control of the People, it has been held to be "tackable.” (See, People v Anderson, 66 NY2d 529; People v McKenna, 76 NY2d 59.)
To allow the People to further delay the ready charges in an instrument involving a single criminal transaction for jeopardy purposes, without penalty, because there are accompanying unready counts, flies in the face of the speedy trial statute.
In this case, the entire matter was additionally delayed, specifically awaiting the submission by the People of corroboration for an unready, unconverted, accompanying charge in the same instrument and no other explanation for that delay *292 has been offered, nor was any prior attempt to sever or dismiss that count made. (See also, People v Liotta, 79 NY2d 841; People v Cole, 73 NY2d 957; People v Meierdiercks, 68 NY2d 613; People v Brothers, 50 NY2d 413.)
For the foregoing reasons, this court now holds the 61-day delay between September 27, when the People submitted the first supporting deposition and announced partially ready and November 27, when the People submitted the second deposition and proclaimed full readiness, is chargeable delay by the People as to all counts, albeit postreadiness delay with respect to all but one.
On November 27, the case was put over for motions and all further delay, except for four days as conceded in the People’s answer, is excludable for motion practice, hearings, consideration of these matters by the court and this decision.
Based on the foregoing chronology, the court finds 101 days chargeable to the People’s 90-day trial readiness obligation.
As such, the additional issue as to whether all of the charges were facially sufficient, need not be further reached.
Accordingly, the defendant’s motion pursuant to CPL 30.30 must be granted and the case is dismissed.