OPINION OF THE COURT
Eugene Schwartzwald, J.
The defendant herein moves for dismissal pursuant to CPL 30.30.
The defendant was arraigned on a felony complaint on January 16th. This commenced the operation of a six-month People’s readiness obligation, less excludable time, under CPL *87 30.30 (1) (a). At that time, the People were not ready, and the four-day adjournment must be charged against the six-month period.
On the following date, January 20th, the complaint remained a felony, the People were still unready, the defendant was released pursuant to CPL 180.80 and the following 14-day adjournment is also chargeable to the 6-month period.
On February 3, the sole felony was dismissed and the instrument became a misdemeanor complaint based on the remaining two charges. This commenced the operation of a new 90-day People’s readiness period, which operates in conjunction with the earlier imposed 6-month over-all limit. (See, CPL 30.30 [5]; People v Garrison, 122 Misc 2d 22.) At this time, the defendant was absent and a warrant was stayed for his benefit. Therefore, the following adjournment is excludable. (See, People v Toro, 151 AD2d 142.)
On March 4, the court was advised that the defendant had become a patient in Kingsborough Psychiatric Facility. For this reason the court did not issue the bench warrant.
However, under such circumstances, it then becomes the obligation of the People to utilize the mechanism provided by CPL 560.10 to produce the defendant if confined by court order, or to determine if he is voluntarily unavailable.
Since there is no indication of such efforts, the court finds the following two adjournments, comprising 75 days, to be chargeable to the People’s 90-day readiness requirement for failure to produce. (See, People v Anderson, 66 NY2d 529.)
In People v Santana (80 NY2d 92), a defendant was committed to Mid-Hudson Psychiatric Facility and was found unfit to proceed. The higher Court noted that such time is excludable under CPL 30.30 (4) (a) when the defendant is incompetent to stand trial.
In this case, there has been no evidence as to how the defendant came to be hospitalized nor any indication that he is unfit to proceed and unless the People show some attempt to bring the defendant to court, as by the use of the method described in CPL 560.10, then due diligence has not been demonstrated. (Compare, People v Bolden, 81 NY2d 146.)
On May 18, corroboration was filed and the case was put over for motions and this decision, which time is excludable under the statute.
Based on the foregoing chronology, the court finds 75 days *88 chargeable to the People’s 90-day readiness requirement and 93 days chargeable to their over-all 6-month limit.
Accordingly, the defendant’s motion must, at this time, be denied and the People are advised to make a diligent effort to bring the defendant to court utilizing the proper procedures or face dismissal under the speedy trial statute.
As such, the case is adjourned for two weeks in accordance with the foregoing determination.