*81 OPINION OF THE COURT
Lorin M. Duckman, J.
The defendant moves this court pursuant to CPL 30.30, 30.20; US Constitution 6th Amendment and section 12 of the New York Civil Rights Law for dismissal of the charges against him on speedy trial grounds.
On November 21, 1994, the defendant was arrested and charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a class A misdemeanor. The defendant was transported to the 78th Precinct where he refused to submit to a chemical test for intoxication. The defendant alleges that he was fingerprinted on this day. A desk appearance ticket (DAT) was issued ordering him to appear on December 29, 1994.
On December 29, 1994, the defendant appeared in Criminal Court. The misdemeanor complaint was served on the defendant and filed with the court.
Because there was no NYSID, the defendant was ordered to be fingerprinted. The court file indicates that the defendant was fingerprinted on December 29, 1994. The case was adjourned to January 19, 1995 for "prints”.
Upon defendant’s appearance on the DAT and the filing of the accusatory instrument, the court acquired jurisdiction over him. (See, CPL 1.20 [9].) This commenced the running of the speedy trial clock. (See, People v Parris, 79 NY2d 69 [1992]; People v Vescur, 134 Misc 2d 574 [Crim Ct, NY County 1987].)
On January 19, 1995, the court papers indicated that the case was adjourned to February 9, 1995, again for "prints”.
On February 9, 1995, for some reason the defendant was ordered to be reprinted. The matter was adjourned to March 27, 1995, again for "prints”. The court file indicates that the adjournment was a "court adjournment”. No mention was made in the court file of why the defendant’s prints had not been obtained or what efforts had been made to obtain them.
On March 27, 1995, the NYSID sheet was available. For the first time, the People announced "ready”. This tolled the prereadiness speedy trial clock. (See, People v Kendzia, 64 NY2d 331 [1985].)
The defendant contends that the entire period from December 29, 1994 to March 27, 1995, 88 days, is chargeable to the People. He argues that the police and the Division of Criminal Justice Services are arms of the People and are statutorily required to provide copies of his NYSID sheet to the District *82 Attorney’s office and the court. (See, CPL 160.10, 160.20, 160.30.) In the absence of the NYSID sheet, he contends the People cannot announce "ready”.
The People contend that the entire period before announcing "ready” on March 27, 1995 is excludable because the court labeled the adjournments "court adjournments”. Court adjournments are not chargeable to the People. In addition, the People also argue that CPL 150.70 empowers the court to order the defendant to be fingerprinted. The People’s argument appears to be that since the District Attorney’s office has no control over the fingerprinting of the accused, it has no control over obtaining the NYSID sheet which was needed to arraign him. Consequently, the People assert that any delay due to the absence of the NYSID sheet cannot be attributed to the People.
If an arrest without a warrant is for an offense other than a felony, the arrested person need not be brought immediately before a local criminal court. Rather, the police officer, where he is specifically authorized by law, may issue and serve an appearance ticket upon the arrested person and release him from custody. (See, CPL 140.27 [4] [a].)
An appearance ticket is a written notice to appear in a local criminal court on a designated future time in connection with the alleged commission of a designated offense. (See, CPL 150.10.) It does not confer upon the court jurisdiction over the defendant or the subject matter. To do so, a police officer who has issued and served an appearance ticket must, at or before the return date, file with the local criminal court a misdemeanor complaint, a simplified information or an information charging the person named in the appearance ticket with the offense specified therein. (See, CPL 150.50 [1].)
When a defendant, whose attendance has been secured by an appearance ticket, appears on the return date, he must be arraigned. An arraignment takes no ritualistic form. It is merely the occasion when the accusatory instrument is filed and the court obtains jurisdiction over the person named in it. The court must also consider ordering bail or recognizance, an act which sets the terms of defendant’s release and the date of the next appearance. (See, CPL 530.20 [1].) The arraignment of a defendant is an elemental prerequisite to trial readiness. (See, People v England, 84 NY2d 1 [1994].)
There is no requirement that a person be fingerprinted prior to appearing in court on a misdemeanor intoxicated driving charge for which a DAT has been issued. Further, there is no *83 requirement that defendant’s criminal record be before the court before an arraignment on a misdemeanor. (See, CPL 530.20 [1].)
If an offense charged in the accusatory instrument is one for which fingerprinting is mandatory, the court must then direct that the defendant be fingerprinted by the appropriate police officer or agency. (See, CPL 150.70.)
After the fingerprints are obtained by the police, they are transmitted to the Division of Criminal Justice Services. (See, CPL 160.10, 160.20.) The Division of Criminal Justice Services generates a NYSID sheet and promptly transmits it to the police. (See, CPL 160.30.) The police, in turn, promptly furnish a copy to the District Attorney’s office and two copies to the local criminal court. (See, CPL 160.40.)
In the case at bar, the defendant appeared on the return date. The court had a copy of the misdemeanor complaint. The defendant was ordered to be fingerprinted and directed to return on the scheduled adjourn date. Notwithstanding the fact that the court papers state on December 29, 1994 that the defendant was not arraigned, the defendant was in fact arraigned. (See, CPL 1.20 [9].)
When the court adjourned the matter three times, ostensibly for fingerprints, the court action sheet noted on one occasion that the adjournment was a "court adjournment”. Any notation on the court papers as to the ineluctability or excludability of a specific adjournment is not binding on this court. Such a determination is made only when the defendant moves to dismiss on speedy trial grounds and not at the time the adjournment is granted. (See, People v Berkowitz, 50 NY2d 333 [1980].)
In prereadiness cases, all the elapsed time preceding a statement of readiness is chargeable to the People, except to the extent that particular delay periods may be excused. (See, CPL 30.30 [4].)
In considering the requirements of CPL 30.30, the Court of Appeals has construed it in light of its language and its legislative history as being intended only to address delays occasioned by prosecutorial inaction. (See, People v McKenna, 76 NY2d 59, 63 [1990].) CPL 30.30 addresses prosecutorial readiness, not court readiness. (See, People v Tavarez, 147 AD2d 355, 356, lv denied 73 NY2d 1022 [1989].)
Inaction or delay on the part of a State agency is attributable to the People and can prevent the People from being *84 "ready” for trial. For example, if the People fail to produce an incarcerated defendant for trial, they cannot be ready for trial and are charged with the delay. (See, e.g., People v England, supra; People v Cole, 73 NY2d 957, 958 [1989].) Likewise, in the absence of due diligence, a delay in producing a defendant confined by court order to a psychiatric facility is chargeable to the People. (See, e.g., People v Bryant, 158 Misc 2d 86 [Crim Ct, Kings County 1993].) Even a delay caused by a defendant who bench warrants is chargeable to the People if the police fail to exercise due diligence in searching for him. (See, e.g., People v Bolden, 81 NY2d 146 [1993].)
Based on the foregoing, it is clear that the police and the Division of Criminal Justice Services are arms of the People and the delays of one for speedy trial purposes are attributable to the other.
The People conceded at oral argument that no efforts were made to contact any agencies to determine the existence of the prints or the reason for the failure to obtain the prints.
The absence of prints in no way impeded the People from stating "ready” on December 29, 1994. The People’s assertion that they did not state "ready” based upon the mistaken assumption that the court adjournment was excludable does not relieve them of their obligation to state "ready”. Neither the court nor the defendant did anything to prevent them from announcing "ready” at any time prior to March 27, 1995.
Any interest possessed by the People in determining if the defendant had a prior conviction for the same offense for the purpose of deciding whether to seek an indictment (Vehicle and Traffic Law § 1193 [1] [c]), if that was their reason for not stating ready, should have been pursued with more diligence; and, to the extent that a defendant’s prior driving record would have effected the length of license revocation (Vehicle and Traffic Law § 1193 [2] [b]) or the amount of mandatory minimum fine (Vehicle and Traffic Law § 1193 [1] [a]), the information would only have been needed prior to a plea promise or to sentencing after conviction. Under these circumstances, though it would have been of interest to the People, the court would have obtained the "prints”.
Consequently, the 88-day delay is attributable to the People and chargeable.
On March 27, 1995, the case was adjourned to May 3, 1995, for discovery by stipulation. This time period is excludable. (See, CPL 30.30 [4] [a].)
*85 On May 3, 1995, hearings were ordered and the matter was adjourned to June 8, 1995. This time period is excludable. (See, CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].)
On June 8, 1995, the People were not ready for the refusal hearing and the case was adjourned to June 27,1995. Normally, 19 days would be chargeable to the People as postreadiness delay. (See, People v Anderson, 66 NY2d 529 [1985].) However, since the defendant filed and served the instant motion to dismiss pursuant to CPL 30.30 on June 22, 1995, only 14 days, June 8 through June 22, are chargeable to the People.
On June 27, 1995, a date was set for the People’s response to the defendant’s motion. The case was adjourned to September 6, 1995, for decision. This time period is excludable as motion practice. (See, CPL 30.30 [4] [a].)
On July 7, 1995, the People served and filed a statement of readiness.
Based on the foregoing chronology, 102 days, 88 days of prereadiness delay plus 14 days of postreadiness delay, are chargeable to the People’s 90-day trial readiness requirement.
Accordingly, the defendant’s motion pursuant to CPL 30.30 is granted.
In light of the court’s decision on the statutory speedy trial motion, it is unnecessary to reach the CPL 30.20 constitutional speedy trial issue raised, or the defendant’s motion pursuant to US Constitution 11th Amendment or article 12 of New York’s Civil Rights Law.