■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WAYNE BABBS, Respondent. [648 NYS2d 649] —Appeal by the People from an order of the Supreme Court, Queens County (Roman, J.), dated September 7, 1995, which granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment charging him with criminal possession of a weapon in the third degree (two counts).

Ordered that the order is affirmed.

The People contend that the Supreme Court's determination that they were chargeable with 187 days of delay, an amount three days in excess of the allowable six months in this case, was erroneous. The People contend that the delay between March 22, 1995, and May 11, 1995, and the delay between August 21, 1995, and August 24, 1995, should have been charged to the defendant.

We conclude that the court properly charged the People with the delay from March 22, 1995, to May 11, 1995, a period in which the proceedings were adjourned three times due to the defendant's absence. The delay cannot be charged to the defendant on the ground that he was "unavailable" (CPL 30.30 [4] [c]) because the prosecutor had information on March 7, 1995, that the defendant was in Pilgrim State Psychiatric Hospital, and the People did not show due diligence in obtaining his presence in court. Moreover, this delay cannot be charged to the defendant on the ground that his involuntary commitment to the hospital constituted a detention for purposes of CPL 30.30 (4) (e) unless the People made diligent efforts to obtain his presence in court (*see, People v Anderson,* 66 NY2d 529, 540; *People v Robbins,* 223 AD2d 735; *cf., People v Bryant,* 139 AD2d 750). As the Supreme Court noted, it was incumbent upon the People to utilize the procedures set forth in CPL 560.10 to produce the defendant (*see, People v Bryant,* 158 Misc 2d 86).

On August 8, 1995, the court adjourned the matter to August 24, 1995, due to the People's continuing failure to produce the defendant, and the court stated that the adjournment was charged to the People. The defendant served the instant speedy trial motion on August 21, 1995, returnable on August 24, 1995. The People contend that the delay from August 21, 1995, to August 24, 1995, was not chargeable to them under CPL 30.30 (4) (a) because it was caused by the defendant's motion.

This argument is unpreserved for appellate review since it was not raised by the People at the Supreme Court (*see, People v Luperon,* 85 NY2d 71, 78). In any event, we find that, under the circumstances of this case, the three-day delay was not the direct result of the defendant's motion but was properly attributed to the People's failure to make diligent efforts to produce the defendant in court on August 8, 1995 (*see, People v Anderson, supra,* at 536). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.