THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE BROWN, Appellant. [895 NYS2d 127]—

On February 16, 2006, the defendant was arraigned on a felony complaint in connection with an altercation at a police precinct during which an officer allegedly was injured. The defendant subsequently was indicted on charges of assault on a police officer, resisting arrest, and obstructing governmental administration in the second degree. It is undisputed that the People did not announce their readiness for trial until June 15, 2007, 484 days after the defendant's arraignment on the felony complaint. The defendant moved to dismiss the indictment pursuant to CPL 30.30 on the ground that his statutory and constitutional rights to a speedy trial were violated, and a hearing was held.

At the hearing, there was evidence that, at his arraignment on the felony complaint, the defendant had executed a written agreement by which, inter alia, he consented to "every . . . adjournment of the case . . . until such time as he demand[ed] in the local court a felony hearing." On October 26, 2006, in the local criminal court, the defendant requested a felony hearing. The court stated in response: "All right, This is adjourned without date . . . [W]e will notify the parties." Defense counsel replied: "That's fine." On November 1, 2006, defense counsel received a letter from the court indicating that the felony hearing would be held on February 12, 2007. When the parties appeared in court on February 12, 2007, the defendant was ready to proceed, but the People represented that the officer involved in the incident was "still injured" and could not appear. Thereafter, the defendant was indicted with no felony hearing ever having been held.

At the hearing on the defendant's motion to dismiss, the parties agreed, and they agree now, that the defendant's entitlement to dismissal on statutory speedy trial grounds turns entirely on whether the 109-day period between October 26, 2006, when the defendant asked for a felony hearing, and February 12, 2007, when the hearing was scheduled to be held, was excludable time pursuant to CPL 30.30 (4). The Supreme Court found that, because the defendant requested a felony hearing and "consented to an adjournment for such hearing," the period was excludable. We disagree.

To relieve the People of the responsibility for a pre-readiness delay, a defendant's consent to an adjournment "must be clearly expressed" (*People v Liotta*, 79 NY2d 841, 843 [1992]; *see People v Smith*, 82 NY2d 676, 678 [1993]). Defense counsel's statement

"That's fine" is consistent with an agreement as to the method by which the court would "notify the parties" of the hearing date. It cannot be seen as a "clearly expressed" consent to an adjournment of unspecified and unlimited duration. Moreover, to the extent that the length of the adjournment was dictated by the volume of the court's calendar, the rule is that, in the absence of a statement of readiness, delays caused by court congestion are chargeable to the People because such delays do not excuse the People from timely declaring their readiness for trial (*see People v Chavis*, 91 NY2d 500, 505 [1998]; *People v Smith*, 82 NY2d at 678). Here, the People did not declare their readiness in court on October 26, 2006, nor did they communicate their readiness at any time prior to the adjourned date of February 12, 2007, by way of an appropriate written notice (*see People v Kendzia*, 64 NY2d 331, 337 [1985]; *People v Caussade*, 162 AD2d 4, 7 [1990]). Finally, the People made no showing at the hearing that their failure to declare or communicate their readiness during the 109-day period was due to the unavailability of the injured officer (*see* CPL 30.30 [4] [g]). Accordingly, since the People failed to carry their burden of demonstrating that the disputed 109-day period was excludable, the defendant's motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial should have been granted (*cf. People v Berkowitz*, 50 NY2d 333, 349 [1980]).

In light of our determination, we need not reach the defendant's remaining contentions. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.