People v Taback (2023 NY Slip Op 02334)

People v Taback

2023 NY Slip Op 02334

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-03742
2022-03743
 (Ind. No. 210/21)

[*1]The People of the State of New York, appellant,
v
Michael Taback, respondent.

David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw and Andrew R. Kass of counsel), for appellant.
Larkin Ingrassia, LLP, Newburgh, NY (John Ingrassia and Brittany A. Kessler of counsel), for respondent.

DECISION & ORDER
Appeal by the People from (1) an order of the County Court, Orange County (Robert J. Prisco, J.), dated November 22, 2021, and (2) an order of the same court dated April 19, 2022. The order dated November 22, 2021, granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment. The order dated April 19, 2022, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order dated November 22, 2021.
ORDERED that the appeal from the order dated November 22, 2021, is dismissed, as that order was superseded by the order dated April 19, 2022, made upon reargument; and it is further,
ORDERED that the order dated April 19, 2022, is reversed insofar as appealed from, on the law, upon reargument, the order dated November 22, 2021, is vacated, and thereupon, the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.
On October 17, 2020, the People filed a felony complaint against the defendant. Thereafter, on July 6, 2021, the defendant was arraigned on the resulting indictment. He then moved, inter alia, pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The People opposed the motion, contending, among other things, that the 144-day period from December 30, 2020, through May 23, 2021, was excludable pursuant to Executive Order (A. Cuomo) No. 202.87 (9 NYCRR 8.202.87), and therefore the total amount of time chargeable to the People did not exceed the six-month period mandated by CPL 30.30. By order dated November 22, 2021, the County Court granted the defendant's motion.
The People then moved, inter alia, for leave to reargue their opposition to the defendant's motion. By order dated April 19, 2022, the County Court, in effect, granted reargument and adhered to its original determination. The People appeal from the order dated November 22, 2021, and the order dated April 19, 2022.
Although the County Court, in the order dated April 19, 2022, purportedly denied reargument, it did in fact reconsider the defendant's CPL 30.30(1)(a) motion in its determination. Thus, the court, in effect, granted reargument, but adhered to its original determination. As such, an appeal properly lies from that order (see People v Sturges, 164 AD3d 616, 617-618; People v Sadowski, 173 AD2d 873).
Upon reargument, the County Court should have denied the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment. Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see id.; People v Sinistaj, 67 NY2d 236; People v Connell, 185 AD3d 1048, 1049). In response to the COVID-19 pandemic, on December 30, 2020, former Governor Andrew Cuomo issued Executive Order 202.87, which provided: "Section 30.30 and Section 190.80 of the criminal procedure law are suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled." Successive executive orders extended Executive Order 202.87 through May 23, 2021 (see 9 NYCRR 8.202.87-8.202.106).
Contrary to the determination of the County Court, Executive Order 202.87, while it was in effect, constituted a toll of the time within which the People must be ready for trial for the period from the date a felony complaint was filed through the date of a defendant's arraignment on the indictment, with no requirement that the People establish necessity in each particular case. We find that the phrase "to the extent necessary" modifies "suspended" and not "toll," as it "explains how sections 303.30 and 190.80 are suspended—not in their entirety but 'to the extent necessary'" (People v Aiken, 75 Misc 3d 1212[A], 2022 NY Slip Op 50475[U], *2 [Sup Ct, NY County]). Therefore, "Executive Order 202.87 does not require a showing of necessity to toll time periods because it does not explicitly condition the tolling on necessity" (People v Aiken, 2022 NY Slip Op 50475[U], *2). Moreover, as the People contend, CPL 30.30(4)(g) permits the exclusion of "periods of delay occasioned by exceptional circumstances." Finding that a showing of necessity is required for the exclusion of time under Executive Order 202.87 would render that Executive Order superfluous and unnecessary.
Because Executive Order 202.87 served to toll the speedy trial statute, only the 75 days from October 17, 2020, when the felony complaint was filed, through December 30, 2020, the effective date of Executive Order 202.87, and the 43 days from May 23, 2021, the end date of Executive Order 202.87, through July 6, 2021, the date on which the People filed the certificate of compliance and announced their readiness for trial, are chargeable to the People. Therefore, the County Court should have denied the defendant's motion to dismiss the indictment (see CPL 30.30[1][a]).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court