People v Williams (2023 NY Slip Op 23232)

[*1]

People v Williams (Norell)

2023 NY Slip Op 23232

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ

2021-664 W CR

The People of the State of New York, Appellant,
against
Norell Williams, Respondent. 

Westchester County District Attorney (Christine DiSalvo, William C. Milaccio and Steven A. Bender of counsel), for appellant.
The Legal Aid Society of Westchester County (Jennifer Spencer of counsel), for respondent.

Appeal from an order of the City Court of Mount Vernon, Westchester County (Lyndon D. Williams, J.; op 73 Misc 3d 1205[A], 2021 NY Slip Op 50924[U] [2021]), dated September 30, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the City Court for all further proceedings.
On September 11, 2020, defendant was charged in a felony complaint with assault in the second degree (Penal Law § 120.05 [2]) and was arraigned thereon. On both that date and the subsequent appearance date, October 21, 2020, defense counsel requested adjournments. At each court appearance thereafter, from November 23, 2020 until the July 8, 2021 appearance, the People were not ready to proceed and repeatedly requested adjournments. On July 8, 2021, the People announced ready after filing a 13-count misdemeanor information charging defendant with five counts of assault in the third degree (Penal Law § 120.00 [1]), one count each of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the second degree (Penal Law § 120.14) and criminal obstruction of breathing or blood circulation [*2](Penal Law § 121.11), and five counts of harassment in the second degree (Penal Law § 240.26 [1]). Pursuant to a motion schedule, agreed upon on July 14, 2021, defendant moved on August 9, 2021 to dismiss the accusatory instrument on statutory speedy trial grounds. The People opposed the motion and, in an order dated September 30, 2021, the City Court (Lyndon D. Williams, J.) granted it and dismissed the accusatory instrument (People v Williams, 73 Misc 3d 1205[A], 2021 NY Slip Op 50924[U] [2021]).
The proceedings in this matter took place during the COVID-19 pandemic. On March 7, 2020, former Governor Andrew Cuomo issued Executive Order (EO) No. 202 (9 NYCRR 8.202), pursuant to his authority under Executive Law § 29-a, which declared a disaster emergency in New York State and temporarily suspended or modified various statutes if compliance with such statute "would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster" (Executive Order [A. Cuomo] No. 202 [9 NYCRR 8.202]). Beginning with EO 202.8, dated March 20, 2020, speedy trial time limitations were tolled. EO 202.48, dated July 6, 2020, further provided that CPL 30.30 was "modified to require that speedy trial time limitations remain suspended until such time as petit criminal juries are reconvened or thirty days, whichever is later." Finally, EO 202.67, dated October 4, 2020, provided that "[t]he suspension and modification" of CPL 30.30 was no longer in effect, except for felony charges entered in the counties of New York, Kings, Queens, Bronx, and Richmond.
Thereafter, on December 30, 2020, EO 202.87 was issued, which provided, among other things, that CPL 30.30 and 190.80 were "suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled." This toll remained in effect until EO 202.106 was issued, which provided that "[t]he current suspensions and modifications of [CPL] 30.30 and 190.80 remain in effect through and including May 23, 2021 and are thereafter rescinded."
The City Court found that the "toll prescribed in [EO] 202.87 was narrowly tailored to encompass those situations where it was actually necessary for the time to be tolled by virtue of extraordinary circumstances, i.e., a grand jury forced to [be] quarantined due to COVID-19 exposure thereby preventing an indictment from being voted, and for no period thereafter" (Williams, 2021 NY Slip Op 50924[U], *4). Consequently, the City Court concluded that, since the People have the burden of demonstrating any periods that are to be excluded from the speedy trial calculation, it was their burden to demonstrate why it was necessary for the time to be tolled and why the case could not have been presented to a grand jury during the time period that EO 202.87 covered, i.e., from December 30, 2020 through and including May 23, 2021, which burden they failed to meet.
Contrary to the determination of the City Court, "Executive Order 202.87, while it was in effect, constituted a toll of the time within which the People must be ready for trial for the period from the date a felony complaint was filed through the date of a defendant's arraignment on the indictment, with no requirement that the People establish necessity in each particular case" (People v Taback, 216 AD3d 673, 675 [2023]). As explained by the Appellate Division, "the phrase 'to the extent necessary' [, as used in EO 202.87,] modifies 'suspended' and not 'toll,' as it 'explains how sections 30.30 and 190.80 are suspended—not in their entirety but 'to the extent [*3]necessary' " (id., quoting People v Aiken, 75 Misc 3d 1212[A], 2022 NY Slip Op 50475[U], *2 [Sup Ct, NY County 2022]). Indeed, "CPL 30.30 (4) (g) permits the exclusion of 'periods of delay occasioned by exceptional circumstances' [and, thus, a f]inding that a showing of necessity is required for the exclusion of time under Executive Order 202.87 would render that Executive Order superfluous and unnecessary" (Taback, 216 AD3d at 675).
Therefore, as this matter was "proceeding on the basis of a felony complaint" and defendant was never arraigned on an indictment or a superior court information, under EO 202.87, CPL 30.30 was "suspended to the extent necessary to toll any time periods contained therein." Thus, the 145 days from December 30, 2020, when EO 202.8 was issued, through and including May 23, 2021 were not, by virtue of EO 202.106, chargeable to the People.
Although it is unclear from the record when petit criminal juries were reconvened in Westchester County (see 9 NYCRR 8.202.48; 202.60), the time from when the felony complaint was filed on September 11, 2020 to November 23, 2020 was, in any event, not chargeable to the People as that period of delay resulted from adjournments granted by the court at the request of defense counsel (see CPL 30.30 [4] [b]). The People concede that the 37 days from November 23, 2020 to December 30, 2020, during which they were not ready for trial and had requested two adjournments, was chargeable to them. Following May 23, 2021, the People continued not to be ready for trial until July 8, 2021, when they filed the misdemeanor information. The People concede that these 46 days were chargeable to them. Thus, here, applying the CPL 30.30 (7) (c) formula, because the total of 83 days that were chargeable to the People before they filed the misdemeanor information on July 8, 2021 was less than the 90-day clock applicable to the misdemeanor information (see CPL 30.30 [1] [b]), the speedy trial clock "reset" to zero days on July 8, 2021, and a 90-day misdemeanor clock runs anew from that point (see People v Cooper, 98 NY2d 541 [2002]; People v Guirola, 51 Misc 3d 13, 16 [App Term, 2d Dept, 9th & 10th Jud Dists 2016] ["where a felony complaint is replaced with a new accusatory instrument, the highest charge of which is a class A misdemeanor, the People must be ready for trial within 90 days from the filing of the new instrument or six months from the filing of the felony complaint, whichever (date) is earlier"]). In view of the foregoing, defendant's motion should have been denied.
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the City Court for all further proceedings.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023