People v Caro (2023 NY Slip Op 04134)

People v Caro

2023 NY Slip Op 04134

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05154
 (Ind. No. 420/19)

[*1]The People of the State of New York, appellant,
v
Cherynne Caro, respondent.

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for appellant.
Twyla Carter, New York, NY (Rachel L. Packer of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Richmond County (Desmond Green, J.), dated May 31, 2022. The order granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment.
ORDERED that the order is affirmed.
On March 6, 2019, the People filed a felony complaint against the defendant and several codefendants. Thereafter, the defendant and the several codefendants were jointly arraigned on the resulting indictment. The defendant later moved pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial. The People opposed, contending, among other things, that the following time periods were excludable under CPL 30.30(4)(b): a 32-day period from October 17, 2019, through November 18, 2019, a 57-day period from November 18, 2019, through January 14, 2020, and a 10-day period from March 10, 2020, through March 20, 2020. By order dated May 31, 2022, the Supreme Court granted the defendant's motion. The People appeal.
"Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action" (People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]; People v Connell, 185 AD3d 1048, 1049). Here, the six-month period referable to this case, measured from March 6, 2019, to September 6, 2019, consisted of 184 days. The Supreme Court determined that 191 days were chargeable to the People.
Contrary to the People's contention, the Supreme Court correctly determined that the 32-day period from October 17, 2019, through November 18, 2019, and the 57-day period from November 18, 2019, through January 14, 2020, were not excludable pursuant to CPL 30.30(4)(b), because the People failed to demonstrate that the delays were attributable to adjournments requested by or on the consent of the defendant (see People v Barden, 27 NY3d 550, 556; People v Brown, 69 AD3d 871, 873).
With respect to the People's contention that the 10-day period from March 10, 2020, to March 20, 2020, was excludable pursuant to CPL 30.30(4)(d), the People raise this issue for the [*2]first time on appeal and thus failed to preserve the issue for appellate review (see id. § 470.05[2]; People v Whitley, 68 AD3d 790, 791). We decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]).
Accordingly, since the amount of time chargeable to the People exceeds the six-month period under CPL 30.30(1)(a), the Supreme Court properly granted the defendant's motion to dismiss the indictment.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court