People v Bautista-Gonzalez (2024 NY Slip Op 00911)

People v Bautista-Gonzalez

2024 NY Slip Op 00911

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-04478
2022-08253

[*1]The People of the State of New York, appellant, 
v
Jorge Bautista-Gonzalez, respondent. (Ind. Nos. 1679/20, 70045/22)

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for appellant.
Twyla Carter, New York, NY (A.E. Lowe of counsel), for respondent.

DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Kings County (Laura R. Johnson, J.), dated May 16, 2022, and (2) an order of the same court dated September 8, 2022. The order dated May 16, 2022, granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 70045/22. The order dated September 8, 2022, insofar as appealed from, upon reargument, adhered to the original determination in the order dated May 16, 2022, and granted the defendant's separate motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 1679/20.
ORDERED that the appeal from the order dated May 16, 2022, is dismissed, as that order was superseded by the portion of the order dated September 8, 2022, made upon reargument; and it is further,
ORDERED that the order dated September 8, 2022, is affirmed insofar as appealed from.
On April 22, 2020, the People filed a felony complaint against the defendant. Thereafter, the defendant was arraigned on the resulting indictments under Kings County Indictment Nos. 1679/20 and 70045/22. The defendant filed separate motions pursuant to CPL 30.30(1)(a) to dismiss each of the indictments on the ground that he was deprived of his statutory right to a speedy trial. The People opposed, contending, among other things, that the 49-day period from February 1, 2021, through March 22, 2021, was excludable pursuant to CPL 30.30(4)(a) based upon the defendant's reciprocal discovery obligations under CPL 245.10(2) and 245.20(4), and that both the 42-day period from March 22, 2021, through May 3, 2021, and the 56-day period from May 3, 2021, through June 28, 2021, were excludable pursuant to CPL 30.30(4)(b) because they were attributable to adjournments requested by or on the consent of the defendant. By order dated May 16, 2022, the Supreme Court granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 70045/22. The People then moved for leave to reargue. By order dated September 8, 2022, the court granted the People leave to reargue and, upon reargument, adhered to its original determination in the order dated May 16, 2022, and granted the defendant's separate motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 1679/20. The People appeal.
"'Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action'" (People v Caro, 219 [*2]AD3d 499, 500, quoting People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]). Here, the applicable six-month period, measured from April 22, 2020, to October 22, 2020, consisted of 183 days. The Supreme Court determined that 226 days were chargeable to the People.
Contrary to the People's contention, the Supreme Court correctly determined that the 42-day period from March 22, 2021, through May 3, 2021, and the 56-day period from May 3, 2021, through June 28, 2021, were not excludable pursuant to CPL 30.30(4)(b), because the People failed to demonstrate that the delays were attributable to adjournments requested by or on the consent of the defendant (see People v Barden, 27 NY3d 550, 556; People v Caro, 219 AD3d at 500; People v Brown, 69 AD3d 871). Further contrary to the People's contention, the court correctly determined that the 49-day period from February 1, 2021, through March 22, 2021, was not excludable pursuant to CPL 30.30(4)(a) because the defendant's reciprocal discovery obligations under CPL 245.10(2) and 245.20(4) do not constitute "other proceedings concerning the defendant" within the meaning of CPL 30.30(4)(a) (see People ex rel. Ferro v Brann, 197 AD3d 787, 788).
The People failed to preserve for appellate review their contentions that the defendant's attorney requested an adjournment by suggesting that the Supreme Court schedule a control date in June 2021 and that the 7-day period from June 21, 2021, through June 28, 2021, and the 14-day period from January 7, 2022, through January 21, 2022, were excludable (see CPL 470.05[2]; People v Caro, 219 AD3d at 500; People v Babbs, 232 AD2d 496). We decline to reach these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]).
Accordingly, since the amount of time chargeable to the People exceeds the six-month period under CPL 30.30(1)(a), the Supreme Court properly adhered to the original determination in the order dated May 16, 2022, granting the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 70045/22, and properly granted the defendant's separate motion pursuant to CPL 30.30(1)(a) to dismiss Kings County Indictment No. 1679/20.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court