People v Gonzalez (2024 NY Slip Op 24105)

[*1]

People v Gonzalez

2024 NY Slip Op 24105

Decided on April 8, 2024

District Court Of Nassau County, First District

Wright, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 8, 2024
District Court of Nassau County, First District

People of the State of New York,

against
Jeu A. Gonzalez, Defendant.

Docket No. CR-014536-23NA

Anne T. Donnelly, District Attorney, Nassau County, Attorney for Plaintiff, 262 Old Country Road, Mineola, New York 11501, 516-571-3800; John S. Campo, Esq., Attorney for Defendant, 901 Stewart Avenue, Suite 230, Garden City, New York 11530, 516-381-4014

David W. Wright, J.

PAPERS CONSIDERED                      NUMBERED
Notice of Motion 1
Affirmation and Memorandum of Law in Opposition 2
Reply Affirmation 3
The defendant moves for an order dismissing the accusatory instruments pursuant to CPL 30.30(1)(b).
There is no dispute that the defendant was arrested on July 26, 2023, for multiple VTL violations including driving while intoxicated (VTL 1192[3]) and obstructing governmental administration in the second degree (Penal Law § 195.05), both misdemeanors, and was brought to First District Court, Nassau County, for arraignment. The accusatory instrument was filed that day, but the defendant was not arraigned. The record indicates that the defendant was issued a desk appearance ticket (DAT) to appear for arraignment in Arraignment B on August 7, 2023. The matter was adjourned to that date for all purposes. The People assert that the defendant was issued a DAT because he refused to be fingerprinted. There is nothing in the record of the court proceedings on July 26, 2023, to indicate that the defendant refused to be fingerprinted. However, the accusatory instrument for the Penal Law § 195.05 charge indicates that the defendant refused to be fingerprinted or photographed. Ultimately, the defendant was [*2]fingerprinted prior to his arraignment on August 7, 2023. He was released on his own recognizance and the matter was adjourned for People to comply with their discovery requirements. The People filed certificate of compliance (COC) and certificate of readiness (COR) on November 3, 2023.
The defendant contends that the People's time to announce trial readiness started on July 26, 2023, when the accusatory instruments were filed and he was produced for arraignment. Accordingly, the defendant asserts that the People's announcement of trial readiness on November 3, 2023, exceeded the 90 day time limit by ten (10) days.
The People contend that the time from the defendant's presence at Arraignment A when he refused to be fingerprinted and his ultimate arraignment in Arraignment B on the DAT should be excluded from speedy trial calculation.
CPL 30.30(1)(b) provides that the People must be ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offense, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20[17]; People v Stirrup, 91 NY2d 434 [1998]). However, "where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defenant first appears in a local criminal court in response to the ticket" (CPL 30.30[7][b]; People v Stirrup, supra, at 438).
CPL 1.20(9) provides that an"Arraignment" is:
the occasion upon which the defendant whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.
CPL 30.30(4) provides a list of circumstances in which time is excluded from speedy trial calculation. There is no provision for exclusion of time due to the defendant's refusal to be fingerprinted. Additionally, the absence of fingerprints is not an impediment to the People announcing ready for trial (see People v Singh, 53 Misc 3d 1213[A] [Crim. Ct., Queens County, 2016]; People v Ashkinadze, 167 Misc 2d 80 [Crim. Ct., Kings County, 1995]).
Here, the criminal action was commenced on July 26, 2023, when the accusatory instruments were filed in First District Court. That the defendant was not arraigned that day is no basis to toll the speedy trial clock. There is no support for the proposition that a defendant's fingerprint response is a prerequisite for an arraignment. In fact, while the defendant does not specifically deny that he refused to be fingerprinted, the People failed to make any record of the refusal on July 26, 2023. Further, the affidavit by the ADA in opposition to the defendant's motion states that she was informed by the arresting Trooper that the defendant refused to be [*3]fingerprinted. That information is pure hearsay as there is no affidavit submitted from the arresting Trooper. On July 26, 2023, the People should have made a record of the defendant's refusal and should have requested that the arraignment court order the defendant to be fingerprinted, thereby starting the process by which the court could hold the defendant in contempt if he wilfully disobeyed the court's order. None of those steps were taken.
While I do not countenance a defendant's refusal to be printed as a method to delay a criminal proceeding, there are mechanisms in place to address such action by a recalcitrant defendant. In this case, nevertheless, the speedy trial clock started on July 26, 2023. Therefore, the People had until October 24, 2023, to announce trial readiness. The filing of the COC and COR on November 3, 2023, was ten (10) days late. 
The People's alternative argument that the traffic infractions should not be dismissed because the 90 day speedy trial limitation does not apply to them is meritless (see People v Galindo, 38 NY3d 199 [2022]).
Accordingly, the defendant's motion is granted and the accusatory instruments are dismissed.
All applications not specifically addressed are hereby Denied.
This constitutes the Decision and Order of the Court.
HON. DAVID W. WRIGHT, J.D.C.
Dated: April 8, 2024