■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JEFFREY, Appellant. [795 NYS2d 703]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County, (Carroll, J.), rendered October 22, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress the defendant's statement to law enforcement officials and physical evidence recovered from the defendant's automobile.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress the defendant's statement to law enforcement officials and physical evidence recovered from the defendant's automobile are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The Supreme Court erred in denying that branch of the defendant's motion which was to suppress his pre-*Miranda* statement (*see Miranda v Arizona,* 384 US 436 [1966]), made in response to questioning by a police officer. Contrary to the People's contention, there is insufficient evidence in the record to indicate that the officer's questioning was prompted by his concern for the safety of fellow officers or the general public (*see People v Solano,* 148 AD2d 761 [1989]; *cf. New York v Quarles,* 467 US 649 [1984]).

The Supreme Court also erred in denying that branch of the defendant's motion which was to suppress the pistol that the officer found in his automobile as a direct result of information obtained from the defendant in his statement. Although the People argue that the weapon would inevitably have been discovered in the course of a inventory search of the automobile, that contention is not supported by the record. An inventory search should be conducted pursuant to "an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" (*People v Galak,* 80 NY2d 715, 719 [1993]; *see People v Johnson,* 1 NY3d 252, 256 [2003]). Here, the People failed to either put forth any testimony from the officer about his knowledge of the general objectives of an inventory search, or to establish the existence of any department policy regulating inventory searches (*see People v Russell,* 13 AD3d 655, 657 [2004]). Accordingly, since the evidence supporting the charge of

criminal possession of a weapon in the third degree should have been suppressed, the indictment should have been dismissed.

The defendant's remaining contentions are either without merit or have been rendered academic in light of our determination. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.