■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE COCHRAN, Appellant. [804 NYS2d 346]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 7, 2004, convicting him of criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, and aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Following the concededly lawful stop of the vehicle by a State Trooper and the defendant's arrest for driving with a suspended license, State Troopers properly impounded the vehicle, as there was no other licensed driver present who could take possession of the car (*see People v Figueroa*, 6 AD3d 720, 722 [2004]). Moreover, the police were under no obligation to offer the defendant an opportunity to make other provision for the care of the vehicle (*see Colorado v Bertine*, 479 US 367, 373-374 [1987]). The evidence at the suppression hearing was sufficient to establish that the motivation of the State Troopers in conducting the subsequent search was caretaking rather than criminal investigation (*cf. People v Acevedo-Sanchez*, 212 AD2d 1023 [1995]),

and that they were acting pursuant to State Police regulations (*see People v Galak*, 80 NY2d 715 [1993]). Indeed, while still at the scene, the State Troopers filled out a meaningful inventory list, "the hallmark of an inventory search" (*People v Johnson*, 1 NY3d 252, 256 [2003]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.