THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ELPENORD, Appellant. [806 NYS2d 675]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered December 1, 2004, convicting him of criminal possession of a weapon in the third degree (two counts), unlawful possession of marijuana, and violations of Vehicle and Traffic Law § 1172 (a) and § 1180 (a), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a

stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the third degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and suppression of the physical evidence and statements is granted.

At approximately 1:23 A.M. on June 23, 2003, two police officers responded to a radio call regarding shots fired in the vicinity of a specified address in Uniondale, Nassau County, with a vehicle speeding away from the scene. There was no description of the shooter or the vehicle.

The police observed the defendant's vehicle speeding and going through a stop sign a short time thereafter. They turned on the police car's lights, and the defendant led them on a chase before finally pulling over after being cut off by another police vehicle. The police did not use the computer in their car to "run" the vehicle's license plate to determine the owner of the vehicle.

According to the police, the defendant had only an expired learner's permit on his person, and produced no registration or insurance card for the car. The passenger possessed a valid driver's license. The defendant told the police that the car belonged to his mother, and that he had her permission to drive it.

The police decided to impound the car and perform an inventory search at the scene. Two officers began searching the car, while another began filling out the top portion of a standard Nassau County Police Department inventory search form. One officer discovered a black nylon bag in the trunk, which contained both a handgun and the defendant's valid interim driver's license. The defendant stated that the black nylon bag belonged to him. He later admitted to buying the gun from a "crack head."

The officer never completed the inventory search form, and never made any entries in his memorandum book, as required by article 6, rule 20 of the Nassau County Police Department's Patrol Guide. The police later verified that the car did indeed belong to the defendant's mother, who had given him permission to drive it.

The legality of the inventory search was addressed at a hearing pursuant to a stipulation in lieu of motions. The hearing

court denied suppression of the gun and the defendant's statements, holding that the police conducted a valid inventory search. We disagree.

An inventory search will be upheld when it follows a valid traffic stop and arrest, and is conducted in accordance with standard police procedures which limit the discretion of the searching officer (*see People v Galak,* 80 NY2d 715, 718 [1993]). Such searches advance three specific objectives: protecting the owner's property while the police retain custody of the vehicle, insuring the police against claims of lost or stolen property, and guarding the police against dangers that might otherwise go undetected (*see Colorado v Bertine,* 479 US 367, 372 [1987]; *People v Galak, supra*; *see also People v Cammock,* 144 AD2d 375 [1988]). "In its modern Fourth Amendment jurisprudence, the [United States] Supreme Court has held that the reasonableness of a search is calculated by weighing the governmental and societal interests advanced by the search against the individual's right to be free from arbitrary interference by law enforcement officers" (*People v Galak, supra* at 718, citing *Colorado v Bertine, supra*). "While the discovery of incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (*People v Russell,* 13 AD3d 655, 657 [2004]). It is the People's burden to demonstrate the legality of police conduct in the first instance (*see People v Thomas,* 291 AD2d 462, 463 [2002]).

The People failed to meet that burden in the instant case. The testimony of the police officers who conducted the search of the defendant's vehicle demonstrated that they failed to follow the procedures established in the Nassau County Police Department's Patrol Guide. These procedures exist in order to protect the owner's property and insure the police against claims of lost or stolen property. The inventory search in the instant case accomplished neither of these objectives. Instead, the inventory search appears to have been a pretext, under which the police could search the car for evidence relating to the reported shooting, without probable cause (*see People v Johnson,* 1 NY3d 252, 257 [2003]). Therefore, both the gun and the defendant's statements should have been suppressed. The defendant's conviction of criminal possession of a weapon in the third degree (two counts) must, accordingly, be vacated and those counts of the indictment dismissed.

In view of the foregoing, we need not address the defendant's remaining contentions. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.