■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TREVOR BANTON, Respondent. [813 NYS2d 509]—

Appeal by the People from so much of an order of the County Court, Orange County (Rosenwasser, J.), dated January 3, 2005, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

After the concededly lawful stop of the defendant's vehicle by New York State Troopers (hereinafter State Troopers) and the defendant's arrest for driving with a suspended license, the vehicle was properly impounded because there was no other licensed driver present who could take possession of the car (*see People v Cochran,* 22 AD3d 677 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Figueroa,* 6 AD3d 720, 722 [2004]). Moreover, the evidence at the suppression hearing was sufficient to establish that the motivation of the State Troopers in conducting the subsequent search was caretaking rather than criminal investigation (*see People v Cochran, supra* at 677).

An inventory search will be upheld when it follows a valid traffic stop and arrest, and is conducted in accordance with

standard police procedures which limit the discretion of the searching officers (*see People v Galak,* 80 NY2d 715, 718 [1993]). Such searches advance three specific objectives: protecting the owner's property while the police retain custody of the vehicle, insuring the police against claims of lost or stolen property, and guarding the police against dangers that might otherwise go undetected (*see Colorado v Bertine,* 479 US 367, 372 [1987]; *People v Galak, supra; People v Elpenord,* 24 AD3d 465 [2005]). "While the discovery of incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (*People v Russell,* 13 AD3d 655, 657 [2004]; *see People v Elpenord, supra*).

Here, the State Troopers' testimony and the inventory form they completed were sufficient to establish that the search was conducted pursuant to a police procedure which was rationally designed to meet the objectives justifying such a search and effectively limited the State Troopers' discretion so as to assure that they were not merely rummaging for incriminating evidence (*see People v Kearney,* 288 AD2d 398 [2001]; *People v Jackson,* 241 AD2d 557, 558 [1997]; *People v Salazar,* 225 AD2d 804 [1996]; *cf. People v Elpenord, supra; People v Jeffrey,* 18 AD3d 776, 777 [2005]; *People v Russell, supra*). Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to suppress physical evidence. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.