■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY J. CLARK, Appellant. [885 NYS2d 689]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered November 14, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [1]), the sole contention of defendant is that he was denied his statutory right to a speedy trial. We reject that contention. The People established that they exercised due diligence pursuant to CPL 30.30 (4) (e) by presenting evidence that they were diligent and made reasonable efforts to secure the presence of defendant, who was in federal prison, on scheduled court dates. Thus, any periods of delay resulting from defendant's failure to appear in court on those dates are not chargeable to the People (*see People v Newborn*, 42 AD3d 506 [2007], *lv denied* 10 NY3d 962 [2008]; *see also People v Garrett*, 207 AD2d 948, 948-949 [1994]). Any time otherwise chargeable to the People was within the six months allowed by CPL 30.30 (*see generally Newborn*, 42 AD3d at 507). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.