■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLAUDE BYRD, Respondent. [946 NYS2d 642]—

Appeal by the People from an order of the County Court, Nassau County (Robbins, J.), dated June 29, 2011, which, after a hearing, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the order is reversed, on the law and the facts, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is denied, the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

The defendant was implicated in a bank robbery occurring in Lake Success in March of 1993. He was eventually located in Port Royal, Jamaica. In April 1994, the District Attorney's office made an extradition request to the United States Depart-

ment of Justice, Office of International Affairs, Criminal Division. That office forwarded the request to the United States Department of State to send an extradition request to Jamaica through diplomatic channels, as required by the extradition treaty between the United States and Jamaica. A final extradition packet was submitted on June 22, 1994, pursuant to the treaty, and officials at the United States embassy in Jamaica certified the extradition packet as "legitimate" on July 1, 1994, and sent it to the Jamaican Minister of Foreign Affairs. The Nassau County District Attorney's office presented the case to the grand jury in the defendant's absence, and the defendant was indicted on August 25, 1994. Meanwhile, the defendant, who had been incarcerated in Jamaica pursuant to the extradition request, escaped from the custody of Jamaican authorities on or before January 20, 1995.

After pursuing several false leads over the next 15 years, the Nassau County Police Department finally apprehended the defendant on May 14, 2010, after the defendant applied for a driver's license. Although the defendant applied for the license using a false name, facial recognition software used by the New York State Department of Motor Vehicles (hereinafter the DMV) caused the defendant's outstanding warrant to come up when the defendant applied for the license. The DMV software also revealed that the defendant had obtained driver's licenses under the same false name in 1995, 1997, and 2002.

In an order dated June 29, 2011, the County Court granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that the People had violated his statutory right to a speedy trial. The County Court charged the People with the delay from July 1, 1994, to January 20, 1995, finding that the People were not diligent in pursuing the defendant's extradition. Further, the court found that the defendant was attempting to evade apprehension from January 20, 1995, until May 14, 2010, but nevertheless charged the People with the delay for that period, finding that the People failed to establish that they exercised due diligence in obtaining the defendant's appearance in court. The People appeal, and we reverse.

The County Court erred in charging the People with the delay from July 1, 1994, to January 20, 1995. The People established that they correctly followed the procedures necessary to extradite the defendant from Jamaica. Thus, we find that the People were diligent in their efforts (see People v Myron, 28 AD3d 681, 682 [2006], cert denied 549 US 1326 [2007]; CPL 30.30 [4] [e]).

The County Court further erred in charging the People with the delay from January 20, 1995, the date by which the defendant had escaped, until his arrest on May 14, 2010. The hearing court determined that the defendant was attempting to evade apprehension between January 20, 1995, and May 14, 2010, and we see no reason to disturb that factual determination. The People are not required to show due diligence if the defendant is attempting to evade apprehension (*see* CPL 30.30 [4] [c] [i], [ii]; *People v Torres*, 88 NY2d 928, 930-931 [1996]; *People v Delacruz*, 271 AD2d 452 [2000]). The County Court, therefore, erred in holding that this period of delay was chargeable to the People because they failed to demonstrate due diligence. Thus, the County Court should have found that the period from January 20, 1995, to May 14, 2010, was excludable, and, therefore, should have denied the defendant's motion to dismiss the indictment.

The defendant's alternative arguments for affirmance are not reviewable on the People's appeal (*see* CPL 470.15; *People v Goodfriend*, 64 NY2d 695, 697 [1984]; *People v Battle*, 299 AD2d 555, 555-556 [2002]). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.