Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered August 29, 2013, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, operating a motor vehicle in excess of a posted speed limit in violation of Vehicle and Traffic Law § 1180-a, failing to signal for a change of lane in violation of Vehicle and Traffic Law § 1163 (d), and operating a motor vehicle without a license, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Ayres, J.), of the suppression of physical evidence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court did not err in declining to suppress physical evidence that was discovered in the course of an inventory search of his vehicle. At the suppression hearing, the People demonstrated that a New York State Trooper lawfully stopped the defendant’s vehicle on the date of the search, based on the trooper’s observation of the defendant’s commission of traffic violations (see Vehicle and Traffic Law §§ 1163 [d]; 1180-a; see also People v Leiva, 33 AD3d 1021, 1022 [2006]). Upon learning that the defendant did not have a valid driver license, and that there was no other licensed driver in the vehicle, the trooper lawfully impounded the vehicle (see People v Banton, 28 AD3d 571 [2006]; People v Cochran, 22 AD3d 677 [2005]; People v Figueroa, 6 AD3d 720, 722 [2004]). At that point, the trooper was entitled to conduct an inventory search of the vehicle, and the People showed that the inventory search was properly conducted pursuant to established procedures and rules of the New York State Police, including the completion of an inventory form (see People v Taylor, 92 AD3d 961, 962 [2012]; People v Cochran, 22 AD3d 677 [2005]) that created a “usable inventory” of the contents of the vehicle (People v Johnson, 1 NY3d 252, 257 [2003] [internal quotation marks omitted]).
The defendant’s remaining contentions are without merit. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.