■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL STANBACK, Respondent. [51 NYS3d 200]—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Gary, J.), dated October 23, 2015, as granted, in the interest of justice, that branch of the defendant's oral motion which was to dismiss count one of the indictment, charging attempted murder in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's oral motion which

was to dismiss count one of the indictment, charging attempted murder in the second degree, is denied, without prejudice to renewal, that count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith before a different Justice.

A motion by a defendant to dismiss an indictment must be made in writing and upon reasonable notice to the People (*see* CPL 210.45 [1]). Here, the Supreme Court erred in dismissing, in the interest of justice, count one of the indictment, charging attempted murder in the second degree, upon the defendant's oral motion, without a full development of the issues, due consideration of the statutory factors (*see* CPL 210.40 [1]), or an adequate opportunity for the People to contest the specific grounds asserted for dismissal (*see* CPL 210.40 [1] [a]-[j]; *People v Jack*, 117 AD2d 753, 753-754 [1986]; *People v Vega*, 80 AD2d 867 [1981]; *People v Clayton*, 41 AD2d 204, 206 [1973]). Accordingly, if the defendant properly moves in writing, the Supreme Court shall determine such motion pursuant to the procedure set forth in CPL 210.45.

The defendant's alternative argument for affirmance is unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Ariza*, 77 AD3d 844 [2010]; *People v McGee*, 110 AD2d 719, 719-720 [1985]) and, in any event, not reviewable on the People's appeal (*see* CPL 470.15; *People v Goodfriend*, 64 NY2d 695, 697 [1984]; *People v Byrd*, 96 AD3d 962, 964 [2012]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.