People v Connell (2020 NY Slip Op 04317)





People v Connell


2020 NY Slip Op 04317


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-06138
 (Ind. No. 2762/13)

[*1]The People of the State of New York, respondent,
v
Tesfa Connell, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, Morgan J. Dennehy, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered June 23, 2015, convicting him of criminal possession of a forged instrument in the second degree (seven counts) and failure to obey a traffic control device, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Danny K. Chun, J.), without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, and the denial, after a hearing (Ann M. Donnelly, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On November 29, 2012, the defendant was arraigned on a felony complaint. Thereafter, he was charged in an indictment with, inter alia, multiple counts of criminal possession of a forged instrument in the second degree, a felony charge (Penal Law § 170.25). Prior to trial, the defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial. The Supreme Court denied the motion. The court also denied, after a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from his vehicle during an inventory search. After a jury trial, the defendant was convicted of seven counts of criminal possession of a forged instrument in the second degree and failure to obey a traffic control device. The defendant appeals.
Since the defendant was charged with a felony, the People were required to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Brown, 28 NY3d 392, 403; People v Price, 14 NY3d 61, 63; People v Sinistaj, 67 NY2d 236, 239). Contrary to the defendant's contention, the 21-day period from May 13, 2013, to June 3, 2013, was not chargeable to the People since defense counsel consented to the adjournment (see CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555; People v Barnes, 160 AD3d 890, 890). In any event, the record demonstrates that the defendant, who was then incarcerated in Nassau County, was not produced on May 13, 2013, due to a hold placed on him preventing him from being transported outside Nassau County, not to a lack of diligence on the part of the People (see CPL 30.30[4][e]; People v Clark, 66 AD3d 1415; People v Newborn, 42 AD3d 506; People v Faulkenson, 296 AD2d [*2]419, 420). The Supreme Court also properly excluded the 49-day period from July 10, 2013, to August 28, 2013, because the People were entitled to a reasonable period of time to provide the grand jury minutes to the court (see People v Beasley, 69 AD3d 741, 743; People v Dearstyne, 230 AD2d 953, 956). Since the total time chargeable to the People was less than six months, we agree with the court's determination to deny the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.
We also agree with the Supreme Court's determination to deny suppression of physical evidence recovered by the police from the defendant's vehicle during the inventory search. Contrary to the defendant's contention, police officers properly impounded the defendant's vehicle after his arrest for driving with a suspended license since there was no other licensed driver present who could take possession of the vehicle (see People v Ewart, 130 AD3d 1062, 1062; People v Wilburn, 50 AD3d 1617, 1618; People v Willette, 42 AD3d 674, 675; People v Banton, 28 AD3d 571, 571; People v Cochran, 22 AD3d 677, 677; People v Figueroa, 6 AD3d 720, 722).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court