People v McDowdell (2023 NY Slip Op 50449(U))

[*1]

People v McDowdell (Lance)

2023 NY Slip Op 50449(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-218 W CR

The People of the State of New York, Appellant, 
against
Lance McDowdell, Respondent. 

Westchester County District Attorney (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for appellant.
Thomas T. Keating, for respondent.

Appeal from an order of the City Court of Mount Vernon, Westchester County (Williams Edwards, J.), rendered February 28, 2022. The order granted defendant's motion to dismiss the accusatory instrument in the furtherance of justice.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument in the furtherance of justice is denied, the accusatory instrument is reinstated, and the matter is remitted to the City Court for all further proceedings.
The People appeal from an order of the City Court which granted defendant's oral motion, made on the eve of trial, to dismiss, in the furtherance of justice, the accusatory instrument charging him with harassment in the second degree (Penal Law § 240.26 [3]). It is well settled that a postarraignment motion to dismiss an accusatory instrument in the furtherance of justice must be made in writing and upon reasonable notice to the People (see CPL 170.30 [1] [g]; [2]; 170.45, 210.45 [1]; People v Key, 45 NY2d 111, 116 [1978]; People v Stanback, 149 AD3d 876, 877 [2017]; People v Littles, 188 AD2d 255, 256 [1992]; People v Knight, 58 Misc 3d 76, 78 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Leclair, 12 Misc 3d 133[A], 2006 NY Slip Op 51180[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). The failure to follow this procedure, which is intended to facilitate "full development of the issues and an adequate opportunity for the People to contest the specific grounds asserted for dismissal" (Littles, 188 AD2d at 256 [internal quotation marks omitted]; see People v Mezon, 80 NY2d 155, 160 [1992]; Stanback, 149 AD3d at 877; Knight, 58 Misc 3d at 78; Leclair, 2006 NY Slip Op 51180[U]), is "clearly error and warrants reversal in and of itself" (People v Dunlap, 216 AD2d 215, 217 [1995]; People v Arroyo, 12 Misc 3d 133[A], 2006 NY Slip Op 51181[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see Leclair, 2006 NY Slip Op 51180[U]). However, the People may waive the aforementioned CPL 210.45 (1) procedural requirements by neglecting to object [*2]at the proper time (see Mezon, 80 NY2d at 159-160; People v Jennings, 69 NY2d 103, 113 [1986]).
A review of the record indicates that the People implicitly objected to the untimeliness of the motion. Moreover, the judge subsequently stated that he would entertain the motion, and that the People could appeal if they chose to, even though defendant had not submitted a "motion in writing," thus obviating the People's need to object on the ground that the motion was not in writing. Consequently, the People did not waive the CPL 210.45 (1) procedural requirements. In view of the foregoing, defendant's motion should have been denied on this basis alone.
In any event, reversal of the order is required since it did not set forth the reasons therefor as required by CPL 170.40 (2). Indeed, the record does not indicate that the City Court considered, individually and collectively, each of the 10 factors set forth in CPL 170.40 (1) prior to making its determination to dismiss the accusatory instrument in the furtherance of justice (see Matter of Holtzman v Goldman, 71 NY2d 564, 572 [1988]).
Accordingly, the order is reversed and defendant's motion to dismiss the accusatory instrument in the furtherance of justice is denied.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023