People v Fuentes (2023 NY Slip Op 02892)

People v Fuentes

2023 NY Slip Op 02892

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-09217
 (Ind. No. 70248/21)

[*1]The People of the State of New York, appellant,
v
Angel Fuentes, respondent.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for appellant.
Clare J. Degnan, White Plains, NY (Jennifer Spencer of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the County Court, Westchester County (Robert J. Prisco, J.), dated May 20, 2022. The order granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.
On September 18, 2020, the People filed a felony complaint against the defendant. Thereafter, on November 29, 2021, the defendant was arraigned on the indictment. He then moved pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, contending that, for the period of September 18, 2020, to November 29, 2021, the total amount of time chargeable to the People exceeded the six-month period mandated by CPL 30.30. The People opposed the motion, contending, inter alia, that the 25-day period from December 30, 2020, to January 25, 2021, was excludable pursuant to Executive Order (A. Cuomo) No. 202.87 (9 NYCRR 8.202.87), and therefore the total amount of time chargeable to the People did not exceed the six-month period mandated by CPL 30.30. By order dated May 20, 2022, the County Court, upon charging 192 days to the People, granted the defendant's motion. The People appeal.
Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Sinistaj, 67 NY2d 236; People v Connell, 185 AD3d 1048, 1049). In response to the COVID-19 pandemic, on December 30, 2020, former Governor Andrew Cuomo issued Executive Order No. 202.87, which provided "Section 30.30 and Section 190.80 of the criminal procedure law are suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled" (9 NYCRR 8.202.87 [emphasis added]). Successive executive orders extended Executive Order No. 202.87 through May 23, 2021 (see 9 NYCRR 8.202.87-202.106).
Contrary to the determination of the County Court, while it was in effect, Executive Order No. 202.87 constituted a toll of the time within which the People must be ready for trial for the period from the date a felony complaint was filed through the date of a defendant's arraignment on the indictment, with no requirement that the People establish necessity for a toll in each particular case (see People v Taback, _____ AD3d _____, 2023 NY Slip Op 02334 [2d Dept]; People v Aiken, 75 Misc 3d 1212[A], 2022 NY Slip Op 50475[U], *2-3 [Sup Ct, NY County]).
Because Executive Order No. 202.87 served to toll the speedy trial statute, the 25 days from December 30, 2020, to January 25, 2021, were not chargeable to the People (see People v Taback, _____ AD3d _____, ____, 2023 NY Slip Op 02334). Consequently, the total amount of time chargeable to the People did not exceed the six-month period mandated by CPL 30.30. Therefore, the County Court should have denied the defendant's motion to dismiss the indictment (see CPL 30.30[1][a]).
The defendant's alternative arguments for affirmance are not reviewable on the People's appeal (see CPL 470.15[1]; People v Goodfriend, 64 NY2d 695; People v Byrd, 96 AD3d 962, 964).
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court