People v Leonard (2023 NY Slip Op 03804)

People v Leonard

2023 NY Slip Op 03804

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-05301
 (Ind. No. 10017/21)

[*1]The People of the State of New York, appellant,
v
Kimiko Leonard, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Danielle M. O'Boyle of counsel), for appellant.
Joseph F. DeFelice, Kew Gardens, NY, for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated May 2, 2022. The order granted the defendant's motion to dismiss the indictment insofar as asserted against her on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a).
ORDERED that the order is reversed, on the law, the defendant's motion to dismiss the indictment insofar as asserted against her on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a) is denied, the indictment insofar as asserted against the defendant is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment insofar as asserted against the defendant.
On June 30, 2021, the defendant was arraigned on an indictment charging her, along with several codefendants, inter alia, with conspiracy in the second degree and multiple counts of criminal sale of a controlled substance in the first degree. The defendant moved to dismiss the indictment insofar as asserted against her on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a). The People opposed the motion, contending, among other things, that the 59-day period from August 20, 2021, to October 18, 2021, was excludable under CPL 30.30(4)(g), and that the 40-day period from January 14, 2022, to February 23, 2022, was excludable under CPL 30.30(4)(b). In an order dated May 2, 2022, the Supreme Court granted the defendant's motion. The People appeal.
Contrary to the defendant's contention, the arguments raised by the People on this appeal are preserved for appellate review (see CPL 470.05[2]; cf. People v Cantoni, 140 AD3d 782, 785).
Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Brown, 28 NY3d 392, 403; People v Sinistaj, 67 NY2d 236; People v Taback, ___ AD3d ___, 2023 NY Slip Op 02334 [2d Dept]; People v Connell, 185 AD3d 1048, 1049). "The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain time periods should be excluded" (People v Brown, 28 NY3d [*2]at 403 [internal quotation marks omitted]; see People v Price, 14 NY3d 61, 63). Here, the six-month period referable to this case, measured from June 30, 2021, consisted of 183 days. The Supreme Court determined that 200 days were chargeable to the People.
The People correctly contend that the 59-day period from August 20, 2021, to October 18, 2021, was excludable under the CPL 30.30(4)(g) exceptional circumstances exclusion in view of the voluminous discovery materials involved here and the People's diligent efforts in producing them (see People v Smietana, 98 NY2d 336, 341; People v Anderson, 66 NY2d 529; People v Zirpola, 57 NY2d 706; People v Harvey, 214 AD3d 672, 673), notwithstanding the People's mandatory discovery obligations under CPL 245.20. The People further correctly contend that the 40-day period from January 14, 2022, to February 23, 2022, was excludable under CPL 30.30(4)(b) because the transcript of the proceedings held on January 14, 2022, demonstrates that the adjournment to February 23, 2022, was either on consent or at the request of the defense (see People v Connell, 185 AD3d at 1049; People v Morris, 94 AD3d 912).
Accordingly, since the amount of time chargeable to the People did not exceed 183 days, the Supreme Court should have denied the defendant's motion to dismiss the indictment insofar as asserted against her on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a).
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court