People v Gregg (2023 NY Slip Op 04137)

People v Gregg

2023 NY Slip Op 04137

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04313
2022-05153
 (Ind. No. 420/19)

[*1]The People of the State of New York, appellant,
v
Renauld Gregg, respondent.

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for appellant.
Glenn A. Garber, P.C., New York, NY (Nora Stewart of counsel), for respondent.

DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Richmond County (Desmond Green, J.), dated April 14, 2022, and (2) an order of the same court dated May 31, 2022. The order dated April 14, 2022, granted that branch of the defendant's omnibus motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment. The order dated May 31, 2022, insofar as appealed from, upon reargument, adhered to the original determination in the order dated April 14, 2022.
ORDERED that the appeal from the order dated April 14, 2022, is dismissed, as that order was superseded by the order dated May 31, 2022, made upon reargument; and it is further,
ORDERED that the order dated May 31, 2022, is reversed insofar as appealed from, on the law, the order dated April 14, 2022, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a new determination of that branch of the defendant's omnibus motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment in accordance herewith.
On March 6, 2019, the People filed a felony complaint against the defendant. Thereafter, the defendant was arraigned on an indictment. In his omnibus motion, the defendant moved, inter alia, pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The People opposed, contending, among other things, that a 32-day period from October 17, 2019, through November 18, 2019, and a 10-day period from March 10, 2020, through March 20, 2020, were excludable pursuant to CPL 30.30(4)(b). By order dated April 14, 2022 (hereinafter the April 2022 order), the Supreme Court granted that branch of the defendant's omnibus motion.
The People moved for leave to reargue their opposition to that branch of the defendant's omnibus motion. By order dated May 31, 2022 (hereinafter the May 2022 order), the Supreme Court granted reargument and adhered to its original determination in the April 2022 order. The People appeal.
"Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action" (People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]; People v Connell, 185 AD3d 1048, 1049). Here, the six-month period referable to this case, measured from March 6, 2019, to September 6, 2019, consisted of 184 days. The Supreme Court determined that 191 days were chargeable to the People.
Contrary to the determination of the Supreme Court, the People should not have been charged with the 32-day period between October 17, 2019, and November 18, 2019, nor with the 10-day period between March 10, 2020, and March 20, 2020, since the transcripts of the pertinent proceedings established that defense counsel either consented to or requested the adjournments at issue (see CPL 30.30[4][b]; People v Martinez, 186 AD3d 1530, 1531-1532; People v Connell, 185 AD3d at 1049).
In light of its determination, the Supreme Court did not reach the defendant's arguments that certain other periods of time were chargeable to the People. We cannot reach these arguments on the People's appeal (see CPL 470.15[1]; People v Byrd, 96 AD3d 962, 964). Accordingly, we reverse the May 2022 order, vacate the April 2022 order, and remit the matter to the Supreme Court, Richmond County, for a new determination of that branch of the defendant's omnibus motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment after consideration of the defendant's alternative arguments (see People v Chazbani, 144 AD3d 836, 839-840).
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court