People v Marino (2023 NY Slip Op 05273)

People v Marino

2023 NY Slip Op 05273

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01815
2022-05464
 (Ind. No. 193/21)

[*1]The People of the State of New York, appellant,
v
John Marino, respondent.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel; Afifa T. Waheed on the brief), for appellant.
Mark Diamond, Pound Ridge, NY, for respondent.

DECISION & ORDER
Appeals by the People from (1) an order of the County Court, Rockland County (Kevin F. Russo, J.), entered March 3, 2022, and (2) an order of the same court entered June 27, 2022. The order entered March 3, 2022, granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). The order entered June 27, 2022, insofar as appealed from, in effect, upon renewal, adhered to the original determination in the order entered March 3, 2022.
ORDERED that the appeal from the order entered March 3, 2022, is dismissed, as that order was superseded by the order entered June 27, 2022, made, in effect, upon renewal; and it is further,
ORDERED that the order entered June 27, 2022, is reversed insofar as appealed from, on the law, upon renewal, the order entered March 3, 2022, is vacated, and thereupon, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a) is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings on the indictment.
On December 22, 2020, the People filed a felony complaint against the defendant. Thereafter, a grand jury indicted the defendant, charging him with criminal mischief in the second degree and two counts of unlawful imprisonment in the second degree. On November 3, 2021, the People filed a certificate of compliance pursuant to CPL 245.50(1) and a statement of readiness for trial.
In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). The defendant contended that for the period from the commencement of the criminal action to November 3, 2021, the total amount of time chargeable to the People exceeded the six-month period mandated by CPL 30.30. In opposition, the People contended that the period from December 30, 2020, to May 23, 2021, was excludable pursuant to Executive Order (A. Cuomo) No. 202.87 (9 NYCRR 8.202.87). As a result, the People contended, the time chargeable to them did not exceed the six-month period mandated by CPL 30.30.
By order entered March 3, 2022, the County Court granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The People then moved for leave to renew their opposition to that branch of the defendant's omnibus motion. By order entered June 27, 2022, the court, in effect, granted leave to renew and, upon renewal, adhered to its original determination.
Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see id. § 30.30[1][a]; People v Sinistaj, 67 NY2d 236, 239; People v Connell, 185 AD3d 1048, 1049). In response to the COVID-19 pandemic, on December 30, 2020, former Governor Andrew Cuomo issued Executive Order No. 202.87, which provided that "[s]ection 30.30 and [s]ection 190.80 of the criminal procedure law are suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled" (9 NYCRR 8.202.87). Successive executive orders extended Executive Order No. 202.87 through May 23, 2021 (see 9 NYCRR 8.202.87-8.202.106).
Upon renewal, the County Court should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. Contrary to the determination of the court, Executive Order No. 202.87, while in effect, constituted a toll of the time within which the People must be ready for trial for the period from the date a felony complaint was filed through the date of a defendant's arraignment on the indictment, with no requirement that the People establish necessity for a toll in each particular case (see People v Fuentes, 216 AD3d 1178, 1179-1180; People v Taback, 216 AD3d 675).
As Executive Order No. 202.87 served to toll the speedy trial statute, the period of time from December 30, 2020, to May 23, 2021, was not chargeable to the People (see People v Fuentes, 216 AD3d at 1180; People v Taback, 216 AD3d at 675). As a result, the total amount of time chargeable to the People in this matter did not exceed the six-month period mandated by CPL 30.30. Therefore, the County Court, upon renewal, should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a).
The parties' remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court