People v Hollweg (2024 NY Slip Op 00085)

People v Hollweg

2024 NY Slip Op 00085

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-02910
 (Ind. No. 234/21)

[*1]The People of the State of New York, respondent,
v
Kathleen M. Hollweg, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered March 24, 2022, convicting her of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On September 20, 2020, the defendant was arraigned on a misdemeanor information. Thereafter, the defendant was charged under an indictment. The defendant moved to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a). The People opposed, contending, inter alia, that a 65-day period from November 16, 2020, through January 20, 2021, was excludable pursuant to CPL 30.30(4)(b). By order dated November 9, 2021, the County Court denied the defendant's motion.
"Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action" (People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]; People v Connell, 185 AD3d 1048, 1049). Here, the six-month period referable to this case, measured from September 20, 2020, to March 20, 2021, consisted of 181 days. The County Court determined that 142 days were chargeable to the People.
Contrary to the defendant's contention, the 65-day period from November 16, 2020, to January 20, 2021, was not chargeable to the People since the transcripts of the pertinent proceedings established that defense counsel either consented to or requested the adjournment at issue (see CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555; People v Gregg, 219 AD3d 503, 504; People v Martinez, 186 AD3d 1530, 1531-1532; People v Connell, 185 AD3d at 1049). Furthermore, no hearing was necessary to resolve the motion because the proof submitted by the People in opposition demonstrated that the total time chargeable to them was well within the six-month time period for trial readiness (see People v Baugh, 91 AD3d 965, 966; People v Brown, 5 AD3d 789, 789). Since the total time chargeable to the People was less than six months, the County Court properly denied the defendant's motion to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial pursuant to CPL 30.30(1)(a).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court