People v Feurtado (2024 NY Slip Op 01560)

People v Feurtado

2024 NY Slip Op 01560

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-03042
 (Ind. No. 56/21)

[*1]The People of the State of New York, respondent,
v
Desmond Feurtado, appellant.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Z. Segal, J.), rendered March 24, 2022, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On May 30, 2020, a criminal action was commenced against the defendant. On February 19, 2021, the People filed a certificate of compliance pursuant to CPL 245.50(1). Thereafter, a grand jury indicted the defendant, charging him with two counts of criminal possession of a controlled substance in the third degree. In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment pursuant to CPL 30.30(1)(a) on the ground that he had been deprived of his statutory right to a speedy trial. In an order dated November 23, 2021, the County Court denied that branch of the defendant's motion. The defendant was thereafter convicted upon his plea of guilty. The defendant appeals.
Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Sinistaj, 67 NY2d 236, 239; People v Connell, 185 AD3d 1048, 1049). In response to the COVID-19 pandemic, on December 30, 2020, former Governor Andrew Cuomo issued Executive Order No. 202.87, which provided that "[s]ection 30.30 and [s]ection 190.80 of the criminal procedure law are suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled" (9 NYCRR 8.202.87). Successive executive orders extended Executive Order No. 202.87 through May 23, 2021 (see 9 NYCRR 8.202.87-8.202.106).
Here, the County Court correctly denied that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30(1)(a). Contrary to the defendant's contention, Executive Order 202.87 does not require a showing of necessity to toll the period set forth in CPL 30.30 (see People v Marino, 220 AD3d 887, 889; People v Fuentes 216 AD3d 1178, 1179-1180; People v Taback 216 AD3d 673, 675).
As Executive Order No. 202.87 served to toll the speedy trial statute, the period of time from December 30, 2020, to May 23, 2021, was not chargeable to the People (see People v Marino, 220 AD3d at 889; People v Fuentes, 216 AD3d at 1180; People v Taback, 216 AD3d at 675). As a result, the total amount of time chargeable to the People in this criminal action did not exceed the six-month period mandated by CPL 30.30. Therefore, the County Court properly denied that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30(1)(a) on the ground that he was deprived of his statutory right to a speedy trial.
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court