People v Ruiz (2025 NY Slip Op 00677)

People v Ruiz

2025 NY Slip Op 00677

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05623
 (Ind. No. 73244/21)

[*1]The People of the State of New York, respondent,
v
Antonio Ruiz, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rhonda Z. Tomlinson, J.), rendered June 2, 2023, convicting him of aggravated driving while intoxicated as a misdemeanor, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On May 22, 2020, the defendant was charged in a felony complaint with operating a motor vehicle under the influence of alcohol or drugs as a felony and related offenses. His arrest occurred during the pendency of Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which suspended the application of CPL 30.30 because of the COVID-19 pandemic. This toll was later extended in the City of New York (see 9 NYCRR 8.202.67). By May 24, 2021, Executive Order No. 202.8 ceased to apply to the defendant's case (see 9 NYCRR 8.202.106).
On October 7, 2021, an indictment was filed charging the defendant with operating a motor vehicle while under the influence of alcohol as a felony (two counts), aggravated driving while intoxicated as a felony, and reckless driving. A certificate of compliance and statement of readiness was filed on November 3, 2021, when the defendant was arraigned on the indictment.
On January 22, 2022, the defendant moved, inter alia, to dismiss the indictment on speedy trial grounds. The motion was denied.
Thereafter, the defendant was convicted, upon his plea of guilty, of aggravated driving while intoxicated as a misdemeanor. The defendant appeals.
On appeal, the defendant contends that he was deprived of his statutory right to a speedy trial, because the executive orders purporting to suspend the time limits in CPL 30.30 were unauthorized by statute. Executive Law § 29-a, which authorizes such executive orders, requires that the local law "specify the statute, local law, ordinance, order, rule or regulation or part thereof to be suspended and the terms and conditions of the suspension" and "shall provide for the minimum deviation from the requirements of the statute, local law, ordinance, order, rule or regulation suspended consistent with the disaster action deemed necessary" (id. § 29-a[2][c], [e]). The [*2]executive orders in issue satisfied both of these criteria. The statute involved, CPL 30.30, and the applicability of the tolls were specified and tailored to the needs of the particular county—in this case, the County of Kings in the City of New York. The validity of these tolls has been upheld by this Court (see People v Feurtado, 225 AD3d 787). There was "no requirement that the People establish necessity for a toll in each particular case" (People v Fuentes, 216 AD3d 1178, 1180; see People v Brown, 231 AD3d 1055).
The defendant's remaining contentions are without merit.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court