People v Guthrie
2026 NY Slip Op 03453
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Tafari Guthrie, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-03268, (Ind. No. 70683/21)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Helen Voutsinas
Laurence L. Love, JJ.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Catherine J. Kim of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni Cimino, J.), rendered March 22, 2023, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On March 16, 2021, the defendant, who had allegedly entered the complainant's hotel room without permission, punched her, put his hands around her throat to restrict her breathing, and stolen her purse that contained $3,500 and two credit cards, was arraigned on a felony complaint. The People provided the defendant with initial discovery and filed a certificate of compliance (hereinafter COC) on May 25, 2021. Included in the initial discovery was a law enforcement officer as witness letter (hereinafter LEOW) for an officer that the People intended to call as a witness. On October 29, 2021, the defendant was indicted on charges including burglary in the first degree (Penal Law § 140.30[2]) and assault in the third degree (id. § 120.00[1]). On November 1, 2021, the People filed a supplemental COC (hereinafter the SCOC), which included an additional LEOW for a second potential testifying witness. The People also filed a notice of readiness for trial on November 1, 2021.
The defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, contending, inter alia, that the COC filed on May 25, 2021 (hereinafter the May 2021 COC) and the SCOC were invalid because certain materials were not disclosed. The People opposed the motion. In an order dated February 24, 2023, the Supreme Court denied the defendant's motion, determining, among other things, that Executive Order (A. Cuomo) No. 202.87 (9 NYCRR 8.202.87) had tolled the time within which the People must be ready for trial from March 16, 2021, through May 23, 2021, and that the People had exercised due diligence and complied with their discovery obligations in good faith when they filed the May 2021 COC and the SCOC.
On March 22, 2023, the defendant was convicted, upon his plea of guilty, of grand larceny in the fourth degree. The defendant appeals.
When a defendant is charged with a felony, the People must be ready for trial within [*2]six months of the commencement of the action (see CPL 30.30[1][a]). In response to the COVID-19 pandemic, on December 30, 2020, former Governor Andrew Cuomo issued Executive Order No. 202.87, which provided "Section 30.30 and Section 190.80 of the criminal procedure law are suspended to the extent necessary to toll any time periods contained therein for the period during which the criminal action is proceeding on the basis of a felony complaint through arraignment on the indictment or on a superior court information and thereafter shall not be tolled" (see People v Marino, 220 AD3d 887, 888; People v Fuentes, 216 AD3d 1178, 1178). Successive executive orders extended Executive Order No. 202.87 through May 23, 2021 (see 9 NYCRR 8.202.87-8.202.106).
Contrary to the defendant's contention, Executive Order No. 202.87 constituted a toll on the time within which the People must be ready for trial for the period from the date a felony complaint was filed through the date of the defendant's arraignment on the indictment, with no requirement that the People establish necessity for a toll in each particular case (see People v Marino, 220 AD3d at 888; People v Fuentes, 216 AD3d at 1178). Accordingly, the Supreme Court correctly determined that the period of time from March 16, 2021, through May 23, 2021, was not chargeable to the People.
"Absent an individualized finding of special circumstances, 'the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper [COC]'" (People v Henderson, 237 AD3d 853, 853, quoting CPL former 245.50[3]). The version of the statute in effect at the time the defendant's motion was decided provided that the COC "shall state that, after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of material and information subject to discovery [under CPL 245.20], the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL former 245.50[1]).
When a defendant moves pursuant to CPL 30.30 to dismiss an indictment on the ground that he or she was deprived of the statutory right to a speedy trial because the People failed to exercise due diligence and therefore did not file a proper COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Bay, 41 NY3d 200, 213). "Due diligence 'is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives'" (People v McMahon, 237 AD3d 746, 750 [internal quotation marks omitted], quoting People v Bay, 41 NY3d at 211). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (People v Bay, 41 NY3d at 212). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id. at 213).
The version of CPL 245.20(1) in effect at the time the defendant's motion was decided required the prosecution to automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." This includes, inter alia, "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (CPL former 245.20[1][k][iv]). "The prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable . . . and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (CPL former 245.20[2]).
Here, the defendant contends that the May 2021 COC and the SCOC were invalid because he was not provided with the underlying disciplinary records for the testifying officers when the People produced the LEOWs. However, under the circumstances of this case, where, among other things, the People initially produced the LEOWs and agreed to acquire the underlying disciplinary records as soon as they were requested by the defendant, we conclude that the Supreme [*3]Court correctly determined that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245 at the time they filed the May 2021 COC and the SCOC (see People v Henderson, 237 AD3d at 855; People v McMahon, 237 AD3d at 750; cf. People v Coley, 240 AD3d 122, 138).
While the defendant is correct that an additional 9 days is chargeable to the People for the purposes of a speedy trial analysis, as their two-week delay in responding to the defendant's motion pursuant to CPL 30.30 to dismiss the indictment caused a determination of that motion to be rendered 9 days later than the original adjournment schedule (see generally People v Nivol, 225 AD3d 630, 631), this time period, in addition to the 162 days of chargeable time conceded by the People, is still within the six-month period provided by CPL 30.30.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court